**Blaxter | Blackman** LLP

Brian R. Blackman
bblackman@blaxterlaw.com
Direct: 415.500.7705

601 California Street, Suite 1505
San Francisco, CA 94108

www.blaxterlaw.com

July 6, 2020

**VIA ECF**

The Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

        Re:    *Chandra Campbell v. Whole Foods Market Group, Inc.*
                Case No. 1:20-cv-01291

Dear Judge Woods:

We write on behalf of defendant Whole Foods Market Group Inc. ("WFM Group"), to request a pre-motion conference to discuss WFM Group's intended motion to dismiss Chandra Campbell's ("Plaintiff") Complaint under Fed. R. Civ. P. 12(b).

WFM Group owns and operates the Whole Foods Market stores in New York, and several other states. Its stores sell the 365 Everyday Value Organic Honey Graham Crackers ("365 Graham Crackers"). Plaintiff alleges 365 Graham Crackers are mislabeled because consumers expect the product to use more honey and whole wheat flour than sugar and wheat flour. Based on these allegations, Plaintiff alleges claims for injunctive and monetary relief under (1) New York General Business Law ("GBL") §§ 349 & 350; (2) for negligent misrepresentation; (3) for breach of warranty, implied warranty of merchantability, and Magnuson Moss Warranty Act; (4) for fraud; and (5) for unjust enrichment. We have briefly outlined below why these claims are implausible and should be dismissed.

***Plaintiff cannot privately enforce the FDCA and her claims are preempted.*** Plaintiff's Complaint includes numerous allegations claiming 365 Graham Crackers' packaging and labeling are false and misleading because they do not comply with regulations promulgated under the Food, Drug & Cosmetic Act ("FDCA"). *See* Dkt. No. 1, ¶¶56-63. Plaintiff's claims fail because there is no private right of action under the FDCA. The right to enforce the FDCA rests solely with the Federal Food and Drug Administration ("FDA"). "[A]ll such proceedings for the enforcement, or to restrain violations, of this Act . . . shall be by and in the name of the United States." 21 U.S.C. § 337(a). Courts may dismiss when the plaintiff's "goal is to privately enforce alleged violations of the FDCA." *PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1113 (2d Cir. 1997).

Further, Plaintiff's claims are preempted because the 365 Graham Crackers comply with FDA regulations. The FDA requires a product label use the common or usual name for a food product. *See* 21 CFR 101.3(a); 21 CFR 102.5. The common and usual name for this type of long, flat, sweet, crunchy and rectangular crackers is "graham cracker."

***WFM Group has no control or authority over product labeling.*** WFM Group does not manufacture or label 365 Graham Crackers. It is a retailer. The Complaint, therefore, fails to state a claim against WFM Group because it does not allege facts suggesting WFM Group

**Blaxter | Blackman LLP**

exercised any control or authority over the challenged advertising (i.e., the product's packaging and label).  *Cohn v. Kind, LLC*, 2015 WL 9703527, at *3 (S.D.N.Y. Jan. 14, 2015).

***365 Graham Crackers' labeling is not plausibly deceptive to reasonable consumers.***  To establish conduct is materially misleading under General Business Law §§ 349 and 350, Plaintiff must show that "a reasonable consumer acting reasonably under the circumstances" would be misled.  *Mantikas v. Kellog Co.*, 910 F.3d 633, 636 (2d Cir. 2018).  This is an "objective" standard, which is not defined by the subjective views of the plaintiff consumer.  *Cohen v. JPMorgan Chase & Co.*, 498 F.3d 111, 126 (2d Cir. 2007).  The Court draws "on its judicial experience and common sense" in determining whether Plaintiff has stated a plausible claim.  *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009); *see also Daniel v. Mondelez Int'l, Inc.*, 287 F. Supp. 3d 177, 194 (E.D.N.Y. 2018) ("A reasonable consumer does not lack common sense.")  A court may determine, as a matter of law, that an allegedly deceptive practice would not have misled a reasonable consumer.  *See Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013).  The challenged labeled statements are not deceptive for three reasons.

First, the challenged statements are not ingredient statements.  Instead, they inform the consumer that they are purchasing a honey flavored snack commonly known as a "graham cracker."  *See* 21 C.F.R. §101.65 (b)(5) (statements of identify, such as the product's name, are not implied nutrient claims).  As Plaintiff admits, the statement "honey" is there to tell consumers how the crackers will taste – it is not an ingredient claim.  Dkt. No. 1, ¶58 (honey is present "in an amount more akin to a flavor.").  Moreover, nothing in the product's name implies that the product is made from a specific type of flour, or that whole wheat flour is the predominant type of flour used.  Rather, the product name communicates that these are "graham crackers," which consumers associate with a specific shape, color, texture and flavor.

Second, the label is not deceptive because the product contains the allegedly advertised ingredients and does not purport to be "only" or "exclusively" sweetened by honey or composed of whole wheat flower.  *See, e.g.*, *Campbell v. Freshbev LLC*, 322 F. Supp. 3d. 330, 341 (E.D.N.Y. 2018).  Plaintiff does not allege that 365 Graham Crackers do not contain honey or whole wheat flower.  Rather, she merely alleges the product lacks the proper proportion of honey and whole wheat flower.  Dkt. No. 1, ¶¶62, 63.

Third, Plaintiff's misreading of the product's honey and whole wheat flower content are unreasonable given that the ingredients list and nutritional statement on the back of the product inform consumers how much honey, added sugar, whole wheat flower, regular flower, and fiber are in 365 Graham Crackers.  *Fink,* 714 F,3d at 742 ("context is crucial… the presence of a disclaimer or similar clarifying language may defeat a claim of deception.").

***Plaintiff has not alleged an injury.***  Plaintiff's price premium allegations are deficient.  She does not allege when she bought the product, what she paid for the product, or facts demonstrating how that price compared to competitor's prices.  *See, e.g., Colella v. Atkins Nutritional, Inc.,* 348 F. Supp. 3d 120, 143 (E.D.N.Y 2018).

**Blaxter | Blackman LLP**

***The Complaint fails to state a claim for fraud.***  Plaintiff's fraud claim fails because she has not alleged facts that "give rise to a strong inference of fraudulent intent." *Campaniello Imports, Ltd. V. Saporiti Italia S.p.A.,* 117 F.3d 655, 663 (2d Cir. 1997).  The Complaint does not allege facts showing WFM Group either had "both motive and opportunity to commit fraud" or "strong circumstantial evidence of conscious misbehavior or recklessness." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).  Further, Plaintiff's allegations do not meet the stringent requirements of Rule 9(b).  Specifically, Plaintiff alleges that, aside from the honey and whole wheat representations, "[t]he Product contains other representations which are misleading and deceptive." Dkt. No. 1 at ¶69. This allegation fails to put WFM Group on notice of these alleged misrepresentations.

***Plaintiff's negligent misrepresentation claim fails.***  Under New York common law, a claim of negligent misrepresentation requires a special relationship of trust.  *Nelson v. MillerCoors, LLC*, 246 F. Supp. 3d 666, 677 (E.D.N.Y. 2017).  Plaintiff's conclusory allegation that WFM Group owed her a duty because it holds "itself out as having special knowledge in the production, service and/or sale of the product" is insufficient.  *See* Dkt. No. 1 at ¶ 100.  "[I]f this alone were sufficient, a special relationship would necessarily always exist for purposes of misbranded food claims, which is not the case." *Stolz v. Fage Dairy Processing Indus.*, 2015 WL 5579872 at *25 (E.D.N.Y Sept. 22, 2015)*.*  Further, the economic loss rule bars this claim. *Gordon v. Hain Celestial Grp., Inc.*, 2017 WL 213815, at *14-15 (S.D.N.Y. Jan. 18, 2017) ("plaintiff and the putative class members purchased products they would have otherwise purchased at a lesser price or not at all" are subject to the economic loss doctrine.)

***Plaintiff's claims for express and implied warranty, MMWA and unjust enrichment claims fail***.  The express warranty claim fails because plaintiff's vague and conclusory allegations do not provide a sufficient factual basis to establish a plausible breach (*Tomasino v. Estee Lauder Cos*., 44 F. Supp. 3d 251, 263 (E.D.N.Y. 2014)) and because Plaintiff failed to provide notice of the alleged breach. *Colella v. Atkins Nutritionals, Inc.*, 348 F. Supp. 3d 120, 143 (E.D.N.Y. 2018).  The implied warranty of merchantability and MMWA claims fail because Plaintiff fails to allege that the product was not merchantable. *Silva v. Smucker Nat. Foods, Inc.*, 2015 WL 536022, at *11 (E.D.N.Y. Sept. 14, 2015) (food products need only be fit for human consumption to be merchantable); *In re Gen. Motors LLC Ignition Switch Litig*., 2016 WL 3920353, at *18 (S.D.N.Y. July 15, 2016). And Plaintiff's unjust enrichment claim fails as duplicative of her other claims. *Corsello v. Verizon N.Y. Inc*., 18 N.Y.3d 377, 790 (2012).

***Plaintiff lacks standing.***  Plaintiff lacks standing to seek injunctive relief because she does not allege she will be deceived by the product's packaging in the future. *Am. Civ. Liberties Union v. Clapper*, 785 F.3d 787, 800 (2d Cir. 2015).  Further, this Court does not have specific jurisdiction over claims of out-of-state-plaintiffs with no connection between their claims and this State.  *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1780 (2017).

# Blaxter | Blackman LLP

Respectfully submitted,

*/s/ Brian R. Blackman*
Brian R. Blackman for
Blaxter | Blackman LLP

cc:   David Adams (via ECF)
      Spencer Sheehan (via ECF)
      Michael R. Reese (via ECF)